CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKO

JAN 19 2010

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ERIC CORDERO JONES,<br>Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:10-cv-00009 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| LYNCHBURG ADULT DETENTION<br>CENTER,<br>Defendant. | ) <br> ) <br> ) <br> ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Eric Cordero Jones, a Virginia prisoner proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names the Lynchburg Adult Detention Center ("Jail") as the sole defendant and alleges that the Jail violated his constitutional right to go to his grandmother's funeral. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, I dismiss the complaint as frivolous.

I.

Plaintiff complains that the Jail subjected him to racial discrimination because the Jail denied him the "privilege" to attend his grandmother's funeral. Although plaintiff originally received permission to attend the funeral and paid the transportation costs in advance, two officers were not available to escort him to the funeral. Plaintiff requests damages for the "emotional trials and having been denied the ability to say final goodbyes to a close relative and have some personal closure." (Compl. 3.)

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C.

§§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff names a detention center as the sole defendant, and plaintiff can not recover

against the Jail in a § 1983 action. See McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890 (E.D. Va. 1992) (reasoning local jails and the Sheriff are part of the Commonwealth of Virginia and are not appropriate defendants in a § 1983 damages action). Even if I permitted plaintiff to name a proper "person," plaintiff's complaint would still be frivolous because he claims an infringement of a legal interest which clearly does not exist. A prisoner does not retain a liberty interest in attending a family member's funeral and the denial does not impose an atypical or significant hardship on the inmate in relation to the normal incidents of prison life. Brooks v. Dunn, 376 F. Supp. 976, 978 (W.D. Va. 1974). See, e.g., Bradley v. Beck, 2001 WL 34610459 (W.D.N.C. 2001) (fact that some prisoners are allowed to attend family members' funerals is result of grace, not constitutional right); Cruz v. Sielaff, 767 F.Supp 547, 550 (S.D.N.Y. 1991) (no federal right recognized under § 1983 to attend uncle's funeral); Hilliard v. Andrews, 2005 U.S. Dist. LEXIS 43568, 2005 WL 1629954 (W.D. La 2005) ("Simply put, plaintiff does not have a protected right to or a liberty interest in attending his brother's funeral."); Pegues v. Rogers, 2007 U.S. Dist. LEXIS 23184, 2007 WL 951896 (N.D. Ind. 2007) (no constitutional violation when plaintiff was not able to attend mother's funeral); Adams v. Garland County Detention Center, 2006 U.S. Dist. LEXIS 31297, 2006 WL 1361121 (W.D. Ark. 2006) (no constitutional violation when plaintiff was denied opportunity to attend mother's funeral). Plaintiff's reliance on the words "racial discrimination" by itself without any alleged factual basis does not constitute a constitutional claim. Moreover, plaintiff can not recover damages for an alleged "emotional injury" without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

III.

For the foregoing reasons, I dismiss the complaint as frivolous, pursuant to 28 U.S.C.

3

§ 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 19th day of January, 2010.

/s/ Jackson L. Kiser
Senior United States District Judge